```
         UNITED STATES DISTRICT COURT
     FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


KARSAH FAYAH WOOLIE,         :    CASE NO. 3:11-CV-1311
                             :
          Petitioner         :    (Judge Caldwell)
                             :
     v.                      :    (Magistrate Judge Smyser)
                             :
                             :
MARY SABOL, WARDEN,          :
                             :
          Respondent         :
```

**REPORT AND RECOMMENDATION**

On July 14, 2011, the petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. At the time he filed his petition, the petitioner was in the custody of the United States Immigration and Customs Enforcement (ICE). He challenged his continued detention by ICE. He sought his immediate release from custody.

The respondents filed a response to the petition on September 6, 2011.

By Order dated October 4, 2011, we appointed counsel to represent the petitioner and we scheduled a hearing so that a factual determination, in accordance with *Zadvydas v. Davis*, 533 U.S. 678 (2001), regarding whether there is a significant likelihood of the petitioner's removal in the reasonably foreseeable future could be made. The hearing was scheduled for November 1, 2011.

On October 26, 2011, the respondent notified the court that, on October 25, 2011, the petitioner was released from ICE custody pursuant to an order of supervision. The respondent requests that the case be dismissed as moot.

Article III of the Constitution provides that the judicial power of the United State shall extend to "cases" and "controversies." U.S. Constitution, art. III, §2; *Rosetti v. Shalala*, 12 F.3d 1216, 1223 (3d Cir. 1993). Federal courts lack authority to decide moot cases. *Liner v. Jafco, Inc.*, 375 U.S. 301, 306 n.3 (1964). If events occur during litigation which eliminate the plaintiff's personal stake in the outcome

of the suit, the case must be dismissed as moot.  *Rosetti*, *supra*, 12 F.3d at 1224.

Since the petitioner is no longer in ICE custody his petition challenging his detention is now moot.

Based on the foregoing, it is recommended that the petition for a writ of habeas corpus be dismissed as moot and that the case file be closed.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated:  October 27, 2011.

3